UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-21399-CIV-ALTONAGA/Goodman

**DIEGO KRUKEVER**, *et al.*,

    Plaintiffs,
v.

**TD AMERITRADE FUTURES
& FOREX LLC**,

    Defendant.
_____/

# ORDER

**THIS CAUSE** came before the Court on Plaintiffs' Motion for Reconsideration of Order Denying Revised Motion for Class Certification [ECF No. 110], filed January 2, 2019. On January 10, 2019 Defendant filed a Response [ECF No. 112], to which Plaintiffs filed a Reply [ECF No. 113] on January 14, 2019. The Court has carefully considered the parties' submissions, the record, and applicable law.

On December 17, 2018, the Court entered an Order [ECF No. 109] denying Plaintiffs' motion for class certification. Plaintiffs seek reconsideration of that Order, arguing (1) the Court misapprehended their arguments regarding objective unreasonableness; and (2) the Court misapprehended their formula for the calculation of damages. (*See generally* Mot.).

"Reconsideration is granted only in extraordinary circumstances and is committed to the sound discretion of the district judge." *Reiseck v. Universal Commc'ns of Miami, Inc.*, 141 F. Supp. 3d 1295, 1301 (S.D. Fla. 2015) (internal quotation marks and citations omitted). "[T]here are three major grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent

manifest injustice." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (alteration added; citations omitted). "A motion for reconsideration is not an opportunity for the moving party and their counsel to instruct the court on how the court 'could have done it better' the first time." *Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995). It is "an improper use of[] the motion to reconsider to ask the Court to rethink what the Court . . . already thought through — rightly or wrongly[.]" *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (citations omitted; first and last alterations added).

In the December 17, 2018 Order, the Court found individual issues predominated. (*See generally* December 17, 2017 Order). The Court reasoned that while putative class members *may* be able to prove their claims for breach of the covenant of good faith and fair dealing through a showing of Defendant's bad faith, were the putative class members unable to establish bad faith, to prevail they would have to prove individualized expectations. (*See id.* 13–15). Plaintiffs dispute this reasoning. They contend "if Class Plaintiffs were to fail to present sufficient evidence of objective unreasonableness . . . such a failure 'would end the case for one and for all.'" (Mot. 5 (alteration added; citation omitted)).

Plaintiffs' argument is novel — it seems to suggest a willingness to *give up* on the claims of breach of good faith and fair dealing if Plaintiffs fail to show bad faith, rather than try to prevail on those claims by showing Defendants subverted their justifiable expectations. (*See id*.). Defendant ignores this argument in its Response. (*See generally* Resp.). While the Court questions whether all class members would agree to Plaintiffs' suggested concession, the Court also recognizes dissenters could opt out of a class. Plaintiffs' argument as to objective unreasonableness is therefore somewhat sound.

Nevertheless, Plaintiffs' arguments regarding the calculation of damages fail to persuade. Plaintiffs begin by stating the Court misapprehended their definition of damages by including entire accounts as potential sources of damages, when the "suit is limited to damages caused by the liquidation of class members' short put ES Options positions, not their entire accounts or other products contained within those accounts." (Mot. 7). The Court did not misapprehend Plaintiffs' damages; rather, imprecise drafting of Plaintiffs' Third Amended Complaint led the Court to conclude Plaintiffs sought damages for the liquidation of entire accounts. (*See* Third Amended Complaint [ECF No. 82] ¶ 63).

Plaintiffs go on to argue the "best" price for each of the 888 put options purchased during liquidation "will simply be the lowest price at which each option traded on February 6." (Mot. 8). Such a straightforward calculation is surely Plaintiffs' preferred position, but the Court has no doubt Defendant will vigorously contest this simplistic determination on the bases discussed in the December 17, 2018 Order — changing prices, market depth, and the effect of injecting so many transactions into the market at once. The lowest price at which each option traded on February 6, 2018 simply cannot – without more – be the lowest price at which each option *would have traded* on February 6 had Defendant liquidated hundreds of options on that day, rather than the day before. The question of the "best price" for each option is a fact-intensive inquiry, and will be for each of the hundreds of options.

Plaintiffs also assert the Court "misapprehends the 'reasonable period' espoused by Class Plaintiffs" because their damages formula "does not require a 'specific time' . . . [i]t requires a 'reasonable time.'" (Mot. 9 (alterations added)). According to Plaintiffs, the objective reasonable time was February 6, 2018 for 92% of the options (those that traded on February 6, 2018), and some other (indeterminate) date in the following weeks for the remaining 8% of the

options. (*See id.*). For the 8% of options which did not trade on February 6, 2018, Plaintiffs postulate the Court could *still* use February 6, 2018 as the reasonable time by using the "final daily settlement price" for those options as calculated by the Chicago Mercantile Exchange. (*Id.* 8).

As Defendant notes, this absolutist determination of February 6, 2018 as the single "reasonable time" is a new one for Plaintiffs, who have previously identified a range of possible dates as the "most reasonable time," including February 5, 2018 and other days after February 6, 2018. (*See* Resp. 8; Third Amended Complaint ¶¶ 4, 51, 56, 99; Plaintiffs' Revised Motion for Class Certification [ECF No. 76] 22). Plaintiffs' new certainty February 5, 2018 is the objective "reasonable period" is not a sufficient ground for reconsideration of the December 17, 2018 Order. *See Almonor v. BankAtlantic Bancorp, Inc.*, No. 07-61862-CIV, 2009 WL 10666974, at *2 (S.D. Fla. Oct. 1, 2009) ("A party who fails to present its strongest case in the first instance generally has no right to raise new theories or arguments in a motion for reconsideration." (internal quotation marks and citation omitted)).

Finally, Plaintiffs argue the Court incorrectly considered the effect of "market depth" on the liquidations because mass liquidation was already "baked into" the pricing of options by February 6, 2018. (Mot. 9). This assertion is speculative at best. Plaintiffs also argue an examination of market depth is not required under the *Galigher* formula. (*See id.* 10). The Court disagrees — determining the best price and best time for liquidation must account for the volume of trades, as Defendant's expert explained. (*See* Report of Allan W. Kleidon [ECF No. 88-1] ¶ 40). Plaintiffs do not cite expert testimony regarding the concept of market depth. Regardless, "market depth" was a minor element of the Court's analysis, and Plaintiffs' arguments do not change the Court's conclusion the *Galigher* damages formula is impractical in the class action

context.

The Court agrees with Defendant's conclusion the Motion "merely reiterates [Plaintiffs'] previous assertion that damages can be easily calculated using class-wide evidence." (Resp. 7 (alteration added)). The impracticality of Plaintiffs' damages formula is an issue the Court has "already thought through — rightly or wrongly[.]" *Z.K. Marine Inc.*, 808 F. Supp. at 1563 (citations omitted; alteration added). The Court will not reconsider its conclusion regarding the intolerable burden such a calculation of damages would entail.

Accordingly, it is

**ORDERED AND ADJUDGED** that the Motion [**ECF No. 110**] is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 28th day of January, 2019.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record